1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11  HARROLD G. JOHNSON,                    No. CIV S-04-0243-FCD-CMK-P
12              Plaintiff,
13        vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>
14  CALIFORNIA DEPARTMENT OF
    CORRECTIONS, et al.,
15
              Defendants.
16
    _____/
17

18          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

19  to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on February

20  3, 2004.

21          The court is required to screen complaints brought by prisoners seeking relief

22  against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

23  § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25  from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

26  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

                                        1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  BACKGROUND

Plaintiff names the following as defendants: Doherty; Hass; Hetrick; Holiday; Kofoed; Nunez; Orr; Thor; Toppenberg; Traquina; Volpe; and Wong.  Plaintiff also names as defendants the California State Prison, Solano, and the California Department of Corrections. Plaintiff claims that, on July 27, 2002, he injured his left shoulder playing softball and that he was seen in the prison medical clinic shortly thereafter by defendant Doherty, a medical technician assistant.  Plaintiff alleges that defendant Doherty failed to consult with a registered nurse or medical doctor before diagnosing a bruised shoulder and prescribing pain medication. Plaintiff asserts that this violated California prison regulations and procedures.

Plaintiff states that, months later following an x-ray examination ordered by defendant Toppenberg, it was determined that plaintiff had irregularities with his clavicle. Plaintiff alleges that defendant Toppenberg failed to follow up on the x-ray even though it showed irregularities.

Next, plaintiff claims that, on January 6, 2003, he was seen by a prison radiologist, defendant Hetrick, who took a series of x-rays.  As to defendant Hetrick, plaintiff states that his claim is that defendant Hetrick ". . . failed to ensure that Toppenberg . . . received

2

the results of the [x-ray] study."

Plaintiff next states that he was interviewed on May 23, 2003, by defendant Holiday concerning his shoulder injury.  According to plaintiff, defendant Holiday noted that plaintiff had been referred to an orthopedic specialist, defendant Kofoed.  Plaintiff states:

> At issue with Defendant M. Holiday is that although she conducted a review of Plaintiff's medical record, yet, fails to recognize that there is a systematic failure in that Defendant B. Doherty's independent action is noncompliant with the California Department of Corrections Licensed Vocational Nurse's Scope of Practice Standards." [sic]

As to defendant Thor, plaintiff states:

> Through silence, Defendant D.E. Thor condones Doherty's failure to notify a registered nurse, and or physician, her findings . . .  Thor in shear defiance ignores Doherty's lack of compliance with The California Department of Corrections, Health Care Services Division, Policies and Procedures. . .

As to defendants Wong and Nunez, plaintiff alleges that they failed to correctly diagnose plaintiff's shoulder problem.  As to defendants Orr and Volpe, plaintiff claims that they failed to ensure that he was provided with prescribed medications.  As to defendant Traquina, plaintiff appears to assign liability because defendant Traquina denied plaintiff's appeals.

Plaintiff seeks various forms of equitable relief as well as compensatory and punitive damages.


## II. DISCUSSION

Plaintiff's complaint suffers from two significant deficiencies.  First, plaintiff names the California State Prison, Solano, and the California Department of Corrections as defendants.  Such defendants, however, are immune under the Eleventh Amendment.  Second, plaintiff's substantive allegations fail to state a claim upon which relief can be granted.

/ / /

/ / /

/ / /

3

1    **A.    Eleventh Amendment Immunity**

2          The Eleventh Amendment prohibits federal courts from hearing suits brought

3    against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.

4    Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition

5    extends to suits against states themselves, and to suits against state agencies.[1]  See Lucas v.

6    Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040,

7    1045 (9th Cir. 1989).   Here, plaintiff names the California State Prison, Solano, and the

8    California Department of Corrections, both of which enjoy immunity under the Eleventh

9    Amendment.

10   **B.    Failure to State a Claim**

11         Plaintiff claims that the medical treatment he has received in relation to his

12   shoulder injury ". . . was and continues to be inadequate, leaving Plaintiff with restricted range of

13   motion and constant pain."  Thus, the gravamen of plaintiff's complaint is that he was denied

14   adequate medical care, in violation of the Eighth Amendment.

15         The treatment a prisoner receives in prison and the conditions under which the

16   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

17   and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth

18   Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards,

19   humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates

20   the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or

21   omission must be so serious such that it results in the denial of the minimal civilized measure of

22   life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and

23   wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the

24

25         [1]      A state's agency responsible for incarceration and correction of prisoners is a
     state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782
26   (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

1   Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

2        Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

3   injury or illness, gives rise to under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see

4   also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.

5   See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently

6   serious if the failure to treat a prisoner's condition could result in further significant injury or the

7   ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th

8   Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors

9   indicating seriousness are: (1) whether a reasonable doctor would think that the condition is

10  worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

11  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

12  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

13       The requirement of deliberate indifference is less stringent in medical needs cases

14  than in other Eighth Amendment contexts because the responsibility to provide inmates with

15  medical care does not generally conflict with competing penological concerns.  See McGuckin,

16  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

17  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

18  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

19  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

20  treatment, or interference with medical treatment, may also constitute deliberate indifference.

21  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

22  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

23       Negligence in diagnosing or treating a medical condition does not, however, give

24  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

25  difference of opinion between the prisoner and medical providers concerning the appropriate

26  course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

90 F.3d 330, 332 (9th Cir. 1996).

Assuming for the moment that plaintiff has alleged a sufficiently serious injury, the court concludes, in light of plaintiff's own characterization of his complaint, that plaintiff's claim amounts to no more than a claim based on alleged medical malpractice and/or a difference of opinion.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   December 5, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE